23 F.3d 401
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 William D. LAWSON, Petitioner,
v.
DIRECTOR, Office of Workers' Compensation Programs, United
States Department of Labor, Respondent.
 No. 93-2090.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 1, 1994.
Decided: April 26, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (91-2111-BLA).
 William D. Lawson, Petitioner Pro Se.
 Marta Kusic, Staff Atty., J. Matthew McCracken, U.S. Dept. of Labor, Washington, D.C., for Respondent.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before HALL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 William Lawson seeks review of the Benefits Review Board's (Board) decision affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits under 30 U.S.C. Secs. 901-45 (1988). On appeal, Lawson and the Director, Office of Workers' Compensation Programs (Director), argue that the ALJ erred in weighing the medical reports of record and consequently erred by finding that Lawson failed to establish a totally disabling pneumoconiosis pursuant to 20 C.F.R. Sec. 718.204(c) (1992). This Court must affirm the findings of the Board unless they are not supported by substantial evidence or are contrary to law. See Wilson v. Benefits Review Bd., 748 F.2d 198 (4th Cir.1984).
 
 
 2
 Under 20 C.F.R. Sec. 718.204(c) (1992), in order to establish entitlement, a miner must establish the presence of a totally disabling respiratory or pulmonary impairment. If he establishes this element, he must further establish that the totally disabling impairment was due to pneumoconiosis. See Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir.1990). In this case, the ALJ did not reach the issue of the cause of the miner's impairment, because he found the evidence insufficient to establish that the miner had a totally disabling respiratory or pulmonary impairment. We agree with Lawson and the Director that substantial evidence does not support this determination.
 
 
 3
 The ALJ's finding rested on his determination that the medical reports of Drs. Abernathy and Spagnolo established that the miner was not "prevented from engaging in relevant employment because of respiratory or pulmonary impairment." Neither of these physicians, however, found the absence of a disabling respiratory impairment. Indeed, they arguably came to the opposite conclusion. Dr. Abernathy found that the miner "does have difficulty with his respiratory system ..." He noted that ventilatory tests "revealed some obstructive component to airflow through the small airways with reversible bronchospasm." He attributed these respiratory problems, however, to the miner's cardiac problems rather than to pneumoconiosis or exposure to coal dust. He found that the miner could return to his usual work in the mines if there were only the matter of coal dust exposure to be considered, but stated that "it is not likely that he is able to undertake vigorous activity because of his heart disease." Dr. Spagnolo similarly acknowledged the miner's longstanding problems with shortness of breath, but attributed these problems to cardiac decompensation rather than pulmonary disease.
 
 
 4
 Thus, both of these physicians found the existence of a significant and arguably totally disabling respiratory impairment, contrary to the findings of the ALJ. These reports are consistent with the report of Dr. Forehand, who found a mild to moderate respiratory impairment, to the extent that they recognize the presence of some respiratory impairment. They are in conflict, however, regarding the extent, if any, that pneumoconiosis contributed to that impairment. Whereas Drs. Abernathy and Spagnolo attributed the impairment to heart disease, Dr. Spagnolo opined that the impairment was attributable to a combination of factors, but that the major contributors appeared to be occupational dust exposure from coal mining and brick manufacturing, as well as exposure to automobile exhaust.
 
 
 5
 While we recognize that the ALJ rejected Dr. Forehand's opinion on the ground that he did not "persuasively measure" the effects of the miner's heart problems, we note that the ALJ's findings were made in the context of his determination regarding the existence of a totally disabling respiratory or pulmonary impairment, and not within the context of causation, analysis of which requires application of the principles enunciated in Robinson, supra. Under Robinson, causation is established if the miner shows that pneumoconiosis was a "contributing cause" of the miner's totally disabling respiratory or pulmonary impairment. Id. at 38.
 
 
 6
 We therefore vacate the decision of the Board and remand this case to the Board for further remand to the ALJ for further consideration consistent with this opinion.* The ALJ should reconsider whether the evidence establishes the presence of a totally disabling respiratory or pulmonary impairment. If he finds this element established, he must then consider whether pneumoconiosis contributed to the impairment under the standards of Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 We reject the Director's allegations of error beyond those discussed in this opinion